IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROCHELL TALLEY, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-18-0052 |
| OCWEN LOAN SERVICING, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before the Court is self-represented Plaintiff Rochell Talley's ("Talley") "Motion to Move or Return Civil Action No. CAE17-38277 Back to the Circuit Court for Prince George's County, Maryland" ("Motion") (ECF No. 21), which will be construed as a motion to remand pursuant to 28 U.S.C. § 1447.[1] Having considered the submissions of the parties (ECF Nos. 21, 30, 31 & 32), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be denied.

**I.    Background**

Talley filed this lawsuit in the Circuit Court for Prince George's County, Maryland, on November 28, 2017. (ECF No. 2.) Although the Complaint is difficult to understand, Talley asserts that his sole claim is for quiet title, and that he does not seek monetary damages. (*See* ECF Nos. 21 & 32.) On January 5, 2018, Defendant Ocwen Loan Servicing, LLC ("Ocwen") removed the case to this Court pursuant to 28 U.S.C. § 1441 on the basis of federal question and diversity jurisdiction. (ECF No. 1.) On January 26, 2018, Talley filed his Motion. (ECF No. 21.)

---

[1] This case was referred to me for all proceedings, pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4, on January 31, 2018. (ECF No. 24.)

Talley argues that this case must be remanded to the Circuit Court for Prince George's County because the real property that is the subject of Talley's quiet title claim is located in Prince George's County, and because the amount in controversy does not exceed $75,000. (ECF Nos. 21 & 32.)

## II.     Propriety of Removal

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). The party "removing a case to federal court bears the burden of establishing the court's subject-matter jurisdiction over the case." *Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018). Because "removal jurisdiction raises significant federalism concerns," it is strictly construed. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand is required. *Id.* This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Quintana v. J.P. Morgan Chase Bank, N.A.*, No. DKC-14-1586, 2015 WL 1321436, at *1 (D. Md. Mar. 23, 2015).

Because Ocwen removed this case to federal court, it bears the burden of establishing the Court's subject matter jurisdiction.[2] Ocwen argues that this Court has subject matter jurisdiction because Talley's claim arises under the laws of the United States, *see* 28 U.S.C. § 1331, and

---

[2] Defendant BWW Law Group, LLC ("BWW") adopts as its own the arguments raised by Ocwen in its response to the Motion. (ECF No. 31.) For brevity, the Court will only refer to Ocwen's arguments.

2

because there is complete diversity of the parties and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

**III. Federal Question**

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In deciding whether a plaintiff's claim arises under federal law, courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). If federal law creates the cause of action, removal is unquestionably proper. *Mulcahey*, 29 F.3d at 151. Otherwise, "there is only federal jurisdiction when Plaintiff's claim raises 'a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Papadopoulos v. EagleBank*, No. GJH-17-2177, 2017 WL 6550672, at *2 (D. Md. Dec. 21, 2017) (quoting *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 314 (2005)). Federal courts may exercise federal question jurisdiction over state law claims that "turn on substantial questions of federal law" and require the "experience, solicitude, and hope of uniformity that a federal forum offers," but this represents a "special and small category" of federal question jurisdiction. *Papadopoulos*, 2017 WL 6550672, at *2 (internal citations omitted). The Supreme Court articulated a four-prong test in *Grable* for determining whether this standard is met. The federal issue must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable*, 545 U.S. at 313-14).

Talley's sole claim is for quiet title pursuant to Md. Code, Real Prop. § 14-108. Ocwen argues that because Talley alleges that it violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and related federal regulations, this case arises under federal law. Under the first prong of the *Grable* test, a federal issue is necessarily raised "only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). "[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." *Id.* Under the third prong of the *Grable* test, "[w]hether a federal issue is sufficiently substantial turns on the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." *Packett v. University of Maryland Med. Ctr.*, No. RDB-17-1630, 2017 WL 5903759, at *5 (D. Md. Nov. 30, 2017) (internal quotation marks omitted). Determining whether a federal issue is sufficiently substantial requires sensitivity to "whether the existence of federal judicial power is both appropriate and pragmatic." *Id.* (quoting *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996)). The court "must determine whether the dispute is one that Congress intended federal courts to resolve, taking into account the historical reasons for establishing federal courts." *Ormet*, 98 F.3d at 807.

In Maryland, a quiet title action enables a plaintiff possessing real property to challenge the validity of a defendant's claim "to hold any lien encumbrance" on that same property, provided that there is not already a pending lawsuit to enforce the lien. *Mickerson v. Am. Brokers Conduit*, No. TDC-17-1106, 2018 WL 1083640, at *4 (D. Md. Feb. 28, 2018) (citing Md. Code, Real Prop. § 14-108(a)). To prevail in a quiet title action, a plaintiff must make two showings. First, the "plaintiff must show that the defendant with a competing claim has an interest that is 'actually defective, invalid, or ineffective.'" *Deibler v. Quicken Loans, Inc.*, No. TDC-15-2286,

2016 WL 393308, at *3 (D. Md. Feb. 1, 2016) (quoting *Kasdon v. G. W Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982)). Second, the plaintiff must show "a valid claim of entitlement to the property at issue," which requires the plaintiff to establish "possession of the property and legal title by clear proof." *Id.* (internal quotation marks omitted).

I find that Talley's claim does not turn on substantial questions of federal law for two reasons. First, although Talley's Complaint refers to the TILA and related federal regulations, it is not clear that every legal theory supporting his claim requires a resolution of federal law. Second, the federal issues that do arise from the allegations in Talley's Complaint are not sufficiently substantial. The resolution of Talley's quiet title claim will not turn on an interpretation of federal law. Talley's numerous references to the TILA and related federal regulations are "collateral, peripheral, [and] remote" to what must be decided to resolve his claim. *See McKenna v. Wells Fargo Bank, N.A.,* 693 F.3d 207, 211 (1st Cir. 2012) (finding no federal question jurisdiction despite complaint's "passing reference to the federal TILA" when the claims were all styled as state-law claims); *Low v. Vantagesouth Bank*, No. 13-3396-BHH, 2014 WL 8239419, at *6 (D.S.C. July 16, 2014), *report and recommendation adopted,* 2015 WL 1275396 (D.S.C. Mar. 18, 2015) (finding that a dispute regarding a violation of TILA disclosure requirements did not involve a substantial federal question); *Whittington v. U.S. Bank Nat. Ass'n*, No. 12-03167-MGL, 2013 WL 2285943, at *10 (D.S.C. May 23, 2013) (finding no federal question jurisdiction where complaint made only passing reference to the TILA). Accordingly, I find that removal was not proper on the basis of federal question jurisdiction.

**IV.**    **Diversity**

District courts have jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

different states." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist there must be complete diversity, meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Diverse parties also "must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). A "nominal party" is a party with "no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). Determining nominal party status is a "practical inquiry, focused on the particular facts and circumstances of a case." *Id.*

For purposes of diversity jurisdiction, Talley is a citizen of Maryland, Ocwen is a citizen of Delaware and Florida, and BWW is a citizen of Maryland. (ECF No. 30 at 9.) Ocwen argues that BWW is a nominal party. It states that that BWW is named in Talley's Complaint only "because certain attorneys from BWW are the substitute trustees appointed to foreclose on the mortgage loan" that is secured by the subject property. (*Id.*) Talley does not address Ocwen's arguments regarding BWW's nominal party status.

Talley does not assert any claims for monetary damages against BWW or seek any relief to which BWW is a real party in interest. Instead, Talley seeks to declare the Deed of Trust for the subject property "null and void" and to declare the promissory note for the mortgage loan at issue "fully discharged." (ECF No. 2 at 15 & 21.) BWW does not own the subject property and has no interest in Talley's mortgage loan. BWW will not be directly affected by the outcome of this case and appears to have been included in Talley's Complaint only because of its position as

6

substitute trustee.[3] *See Hartford Fire,* 736 F.3d at 261; *Monton v. Am.'s Servicing Co.*, No. 11-678, 2012 WL 3596519, at *5 (E.D. Va. Aug. 20, 2012) (noting that "the status of a substitute trustee hinges on the nature of the actions allegedly taken by the trustee, if any, and the type of relief sought against the trustee, if any"); *Quintana v. J.P. Morgan Chase Bank, N.A.*, No. DKC-14-1586, 2015 WL 1321436, at *4 (D. Md. Mar. 23, 2015) (finding that a substitute trustee was not a nominal party because he had a "real and tangible stake" in the outcome of the case, and was the subject of a plaintiff's claims for monetary and injunctive relief). For these reasons, I conclude that BWW is a nominal party.

Talley argues that diversity jurisdiction cannot serve as a basis for removal because he does not seek monetary damages. (ECF No. 32 at 2.) But in quiet title actions, "the amount in controversy is the value of the whole of the real estate to which the claim extends." *Hughes v. Wells Fargo Bank, N.A.*, 617 F. App'x 261, 265–66 (4th Cir. 2015) (quoting *Peterson v. Sucro*, 93 F.2d 878, 882 (4th Cir. 1938)). It is undisputed that the value of the subject property exceeds $75,000. (*See* ECF No. 30 at 10.) For this reason, I conclude that the amount in controversy exceeds $75,000, exclusive of interests and costs.

Because there is complete diversity between the real parties to the controversy and the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, I find that removal was proper on the basis of diversity jurisdiction.

---

[3] The only allegations in the Complaint pertinent to BWW concern its status as a substitute trustee (ECF No. 2 at 4), in which role it received Talley's "Notice of Default . . . for lack of proof of claim," to which BWW did not respond (*id.* at 8).

## V. Conclusion

For the reasons set forth above, the Court finds that this case was properly removed to this Court on the basis of diversity jurisdiction. Because the Court has subject matter jurisdiction, removal is proper and Talley's Motion is **DENIED**.

A separate Order follows.

<u>June 6, 2018</u>  
Date

/s/  
Timothy J. Sullivan  
United States Magistrate Judge