IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROCHELL TALLEY,                         *

      Plaintiff,                           *

v.                                           *         Case No. TJS-18-0052

OCWEN LOAN SERVICING, LLC, *et al.*,   *

      Defendants.                     *

                  *     *     *     *     *     *

**MEMORANDUM OPINION**

Pending before the Court are the motions to dismiss filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and BWW Law Group LLC ("BWW") (collectively, the "Defendants").[1] (ECF Nos. 25 & 26.) Having considered the submissions of the parties (ECF Nos. 20, 25, 26, 29, 32 & 33), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Defendants' motions will be granted and the case will be dismissed with prejudice.

**I.     Introduction**

        **A.     Plaintiff's Previous Litigation Before This Court**

This is the second case filed by Plaintiff Rochell Talley ("Talley") regarding the foreclosure of his home that has come before this Court. Previously, on January 5, 2016, Talley filed a lawsuit in the Circuit Court for Prince George's County, Maryland ("Circuit Court"), challenging events related to the same mortgage loan and subsequent foreclosure of the property located at 9111 Duvall Road, Upper Marlboro, Maryland ("Property") that are now at issue in

---

[1] This case was referred to me for all proceedings, pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4, on January 31, 2018. (ECF No. 24.)

this case. *See Talley v. Ocwen Loan Servicing,* No. RWT-16-389, 2016 WL 1321427 (D. Md. Apr. 5, 2016) ("*Talley I*"), *aff'd in part, vacated in part on other grounds, remanded sub nom. Talley v. Ocwen Loan Servicing, LLC*, No. 16-1478, 2017 WL 218858 (4th Cir. Jan. 19, 2017). The essential facts underlying *Talley I* and this case are identical:

> On May 23, 2005, the Plaintiff executed an Adjustable Rate Note payable to Defendant IndyMac, secured by a Deed of Trust on property at 9111 Duvall Road in Upper Marlboro, Maryland, which was recorded on July 13, 2005. The Plaintiff alleges that the loan "was immediately sold and securitized after closing." The Plaintiff further alleges that the transfer was completed without notice to the Plaintiff, without required endorsements, and in violation of several laws. On August 20, 2014, Defendant Ocwen began foreclosure proceedings in Prince George's County Circuit Court, and on January 29, 2015, that court ordered that a foreclosure sale could be scheduled. The Plaintiff responded by filing two motions for temporary restraining orders, which the court denied.

*Id.* (internal citations omitted).

After the defendants in *Talley I* removed the case to this Court, they moved to dismiss the complaint. *Id.* at *1. Included among the 16 counts of the complaint in *Talley I* was a claim for quiet title. (*Id.*) *Talley I* addressed this claim and others that challenged the defendants' standing to foreclose on the Property:

> Much of Plaintiff's Complaint and his Opposition relate to his assertion that the foreclosure proceedings rely on fraudulent representations by the Defendants. The Plaintiff protests that the Defendants do not have standing to foreclose and so have engaged in a conspiracy to deceive the state court. These arguments are a collateral attack on the state court's judgments in the ongoing foreclosure action, in which the state court has already permitted the parties to schedule a foreclosure sale and denied Plaintiff's objections. "The Maryland courts and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral attacks on foreclosure judgments entered in the Circuit Courts." *Jones v. HSBC Bank USA, N.A.*, No. RWT-09-2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011), *aff'd*, 444 F. App'x 640 (4th Cir. 2011). Although the foreclosure proceeding has not been finalized, in denying the Plaintiff's motion to object, the state court necessarily ruled that the Defendants had standing to foreclose. Any ruling by this Court to the contrary would be improper.

*Id.* at *2 (internal citations omitted). The Court went on to dismiss all of Talley's claims with prejudice. *Id.* On appeal, the Fourth Circuit affirmed in part and reversed in part, remanding the case for this Court to determine whether Talley should be granted leave to amend. *Talley*, 673 F. App'x 329. On remand, the Court granted Talley leave to file an amended complaint, but Talley instead sought to voluntarily dismiss the case. (ECF No. 44 in RWT-16-389.) The Court dismissed *Talley I* without prejudice on March 21, 2017. (ECF No. 48 in RWT-16-389.)

### B. Plaintiff's Complaint

Talley filed the instant case in the Circuit Court on November 28, 2017. (ECF No. 2.) Ocwen timely removed the case to this Court on January 5, 2017.[2] (ECF No. 1.) In the Complaint, Talley asserts a single claim for quiet title. (ECF No. 2.) Talley requests that the Court "[d]eclare the Deed of Trust to be null and void" and "[d]eclare the promissory note to be declared fully discharged." (*Id.* at 21.) Although the factual allegations of the Complaint are somewhat circuitous, at bottom, Talley alleges that Ocwen is not the "real party of interest" on his mortgage loan and seeks clarification as to who holds title to the Property.

## II. Discussion

### A. Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (internal quotation marks omitted).

---

[2] The Court has determined that this case was properly removed to federal court on the basis of diversity jurisdiction for reasons explained in a separate opinion.

A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Although it is rare to grant dismissal based on an affirmative defense, "where facts sufficient to rule on an affirmative defense are alleged in the complaint," dismissal may be warranted under Rule 12(b)(6). *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). One such affirmative defense is collateral estoppel. *See, e.g.*, *Graves v. OneWest Bank, FSB*, 2015 WL 2452418, at *5 (D. Md. May 20, 2015).

In addition to accepting the well-pled allegations of the complaint as true, a district court may properly "take judicial notice of facts from a prior judicial proceeding when the [collateral estoppel] defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). While "a court ordinarily may not consider any documents that are outside of the complaint, or not expressly incorporated therein," a court is permitted to "properly consider documents incorporated into the complaint or attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *NVR, Inc. v. Harry A. Poole, Sr. Contractor, Inc.*, No. ELH-14-0241, 2015 WL 1137739, at *5 (D. Md. Mar. 13, 2015) (internal citations and quotation marks omitted). "An integral document is a document that by its very existence, and *not the mere information it contains,* gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (internal quotation marks omitted) (emphasis in original).

### B. Collateral Estoppel

Ocwen's Motion to Dismiss (ECF No. 26) is predicated on the doctrine of collateral estoppel. Under principles of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of collateral estoppel is "founded on the demands of judicial efficiency and finality." *Allstate Ins. Co. v. Cherry*, No. ELH-11-2898, 2012 WL 1425158, at *7 (D. Md. Apr. 23, 2012) (internal quotation marks omitted).

Under Maryland law, a four-factor test must be satisfied in order to apply collateral estoppel:

> (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question?
>
> (2) Was there a final judgment on the merits?
>
> (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?
>
> (4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Shader v. Hampton Imp. Ass'n, Inc.*, 217 Md. App. 581, 605 (2015) (quoting *Pat Perusse Realty Co. v. Lingo*, 249 Md. 33, 45 (1968)).[3]

---

[3] Ocwen argues that Talley is precluded "from pursuing his quiet title claim because he already litigated and lost this claim in *Talley I*." (ECF No. 26 at 7.) The Court's analysis of the collateral estoppel issue vis-à-vis the federal court judgment in *Talley I* is slightly different from what Ocwen has presented in its Motion. Judge Titus did not decide who held title to the property in dispute, but instead relied on the Circuit Court's findings during the course of the foreclosure proceeding. *Talley I*, 2016 WL 1321427, at *2. Accordingly, the only issue that Talley is precluded from contesting under Judge Titus's decision in *Talley I* is the issue of collateral estoppel itself. This may be an alternative basis for granting Ocwen's Motion, but the Court will instead rely on the prior judgment of the Circuit Court (as Judge Titus did, and was affirmed in so doing) as the basis for its finding of collateral estoppel.

As Judge Titus noted in *Talley I*, the Circuit Court has previously ruled that the defendants had standing to foreclose on the Property. *Talley I*, 2016 WL 1321427, at *2. This issue mirrors the one that Talley presents in his Complaint, thus satisfying the first factor of the test for collateral estoppel. With regard to the second factor, a "final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect, based on factors such as whether the parties were heard in the issue and whether the decision was appealable." *Williams v. 21st Mortgage Corp.*, No. PX-16-1210, 2017 WL 1133706, at *8 (D. Md. March 27, 2017) (internal quotation marks and emphasis omitted). "In a foreclosure proceeding, . . . if the defendant indeed does challenge the right to sell prior to the sale and the court actually determines that right after a proper hearing, that issue cannot be relitigated in a subsequent phase off the action." *Id.* The Circuit Court's denial of Talley's challenges to its rulings in the foreclosure proceeding constitutes a final judgment for collateral estoppel purposes.[4] *See id.*; *see also Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *5 (D. Md. May 20, 2015) (noting that "a Circuit Court's denial [of] a motion to dismiss an order to docket a foreclosure is a final determination on the merits sufficient to invoke issue preclusion"). Regarding the third factor, both Talley and Ocwen were parties to the foreclosure proceeding in the Circuit Court. With regard to the fourth factor, Talley was given a fair opportunity to be heard on the issue of Ocwen's right to foreclose on the Property in the Circuit Court, and indeed was heard on the issue. Because all four factors of the test for collateral estoppel are satisfied, Talley is collaterally estopped from re-litigating the issue of the propriety of the foreclosure and Defendants' standing to foreclose on the Property in this Court.

---

[4] In considering Defendants' motions, the Court will take judicial notice of the prior litigation between the parties and consider related documentation. *Andrews*, 201 F.3d at 524 n.1.

Accordingly, Talley's Complaint will be dismissed. Ocwen's Motion (ECF No. 26) is **GRANTED**.

### C. Impermissible Attack on Underlying Foreclosure

Another reason that Talley's Complaint must be dismissed is that it is an impermissible attack on the underlying foreclosure action in Circuit Court. (*See* ECF No. 26.) In Maryland, a party may challenge a foreclosure action in one of three ways: (1) filing a motion to stay or dismiss prior to sale pursuant to Md. Rule 14-211; (2) filing post-sale exceptions under Md. Rule 14-305(d); or (3) challenging the post-sale audit. *Thomas v. Nadel*, 427 Md. 441, 443 (2012). Even if Talley's quiet title claim was not barred by collateral estoppel, it would still be subject to dismissal because it is an impermissible challenge to the foreclosure action in the Circuit Court. *Id.*; *see also Turner v. JPMorgan Chase, N.A.*, No. TDC-14-0576, 2014 WL 4843689, at *8 (D. Md. Sept. 25, 2014) (noting that objections to foreclosure proceedings must be raised within the state Circuit Court's foreclosure proceedings); *Gill v. Dore*, No. JFM-12-645, 2012 WL 1927581, at *1 (D. Md. May 25, 2012) ("[I]t is clear that if a person wants to object to a foreclosure, she must do so in the context of the foreclosure proceedings instituted against her.") For this alternative reason, Talley's Complaint will be dismissed and Ocwen's Motion (ECF No. 26) is **GRANTED**.

### D. Pending Foreclosure Action

A final reason that Talley's Complaint must be dismissed is that under Maryland law a party may only maintain an action to quiet title "if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim." Md. Code, Real Prop. § 14-108(a). Because a foreclosure proceeding remains pending against the Property that is the subject of Talley's Complaint, Maryland law prohibits him from bringing

a quiet title claim. *See Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (dismissing a quiet title claim because of a pending foreclosure action); *Roberson v. Ginnie Mae REMIC Trust 2010 H01*, 973 F. Supp. 2d 585, 590 (D. Md. 2013) (dismissing a quiet title claim because "Maryland law requires, in an action to quiet title, that no action be pending to enforce or test the title or claims thereto"). For this alternative reason, Talley's Complaint will be dismissed. BWW's Motion to Dismiss (ECF No. 25) is **GRANTED**.

### E. Dismissal With Prejudice

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (internal quotation marks omitted). Generally, the plaintiff should be afforded the opportunity to amend, *see id.*, or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same). However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Weigel*, 950 F. Supp. 2d at 825–26. The Fourth Circuit has explained:

> While a potentially meritorious claim . . ., should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.

*McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citation omitted).

Presently, this case is Talley's second attempt to obtain relief from the Circuit Court's judgment concerning the foreclosure of the Property. There is no amendment that Talley could make that would undo the preclusive effects of the Circuit Court's prior order in the foreclosure

action. For this reason, Talley's Complaint's "deficiencies are truly incurable." *McLean*, 566 F.3d at 400-01. Therefore, dismissal must be with prejudice. *See Peden v. BWW Law Group*, No. PWG-16-4012, 2018 WL 690880, at *5 (D. Md. Feb. 1, 2018) (dismissing collateral attack on state court foreclosure proceedings with prejudice); *Williams*, 2017 WL 1133706, at *9 (same); *Graves*, 2015 WL 2452418, at *7 (same).

### III. Conclusion

For these reasons, the motions to dismiss filed by Defendants Ocwen and BWW (ECF Nos. 25 & 26) are **GRANTED**.

A separate Order follows.

<u>June 6, 2018</u>  
Date

/s/  
Timothy J. Sullivan  
United States Magistrate Judge